IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| LATOYA A. TATE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:16-cv-00022 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| THE HOME DEPOT, ET. AL, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |
| | ) | |

On May 18, 2016, LaToya Tate ("Plaintiff") filed the present action against The Home Depot, Brett Newman, and Sarah Motley ("Defendants"). Plaintiff alleges that she was subjected to unlawful retaliation and discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendants have each filed a Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [ECF Nos. 10, 14, 20.] The matter was fully briefed, and the parties appeared before me on December 15, 2016. For the reasons stated below, I will deny The Home Depot's Motion, and I will grant the motions filed by Newman and Motley.

**I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On or around October 28, 2011, Plaintiff was first hired as a part-time cashier at The Home Depot in Danville, Virginia. (Brett Newman Br. in Supp. of Mot. to Dismiss, at 1, Aug. 31, 2016 [ECF No. 11] (hereinafter "Newman Br.").) Plaintiff was eventually promoted to a full-time sales position in the paint department. (*Id.*) According to Plaintiff, she filed a Charge of Discrimination with the Equal Employment Opportunities Commission ("EEOC") on May 26, 2014 ("the First Charge").[1] (Resp. to Order, at 3–11, Dec. 12, 2016 [ECF No. 36].) The First

---

[1] Defendants correctly point out that Plaintiff actually filed the First Charge on August 7, 2014. (*See* Newman Br., at 2.) Plaintiff is likely referring to the initial intake questionnaire, which she submitted to

Charge alleged that The Home Depot perpetuated a "racially hostile work environment," and that the store's management had done little to address complaints made by Plaintiff and others regarding her coworkers' use of racially insensitive language in the workplace. (Resp. to Order, at 7–8.) She also alleged that she was denied a promotion due to her race. (*Id.* at 8.)

Plaintiff also alleges that her supervisors retaliated against her for filing the First Charge. She alleges that Newman, the Store Manager, "[s]ingled [Plaintiff] out to clean floors and other departments that were already clean." (Compl. ¶ 9B.) Further, Motley, a Department Supervisor, "[s]ubjected [Plaintiff] to maintaining a work log that no one else in the department was required to use," and Plaintiff "began to receive write-ups that were unfair and untrue." (*Id.* at ¶¶ 9B–9C.)

On November 6, 2014, The Home Depot terminated Plaintiff's employment. (Compl. ¶ 3.) According to Plaintiff, she was told that her termination was due to "[i]nsubordinate conduct towards management." (Compl. ¶ 9C.) She then filed another EEOC charge on January 15, 2015 ("the Second Charge").[2] (Resp. to Order, at 12–15.) On both charges, the EEOC's investigation was inconclusive, and Plaintiff was issued two notices of right to sue on February 18, 2016. (Notices of Right to Sue, February 18, 2016 [ECF No. 2–1].)

Three 12(b)(6) motions to dismiss are before the Court. Motley and Newman have each moved to dismiss the claims against them on the basis that Title VII does not authorize suits against supervisors in their individual capacity. In the alternative, they argue that Plaintiff's Complaint fails to meet the pleading standards under Fed. R. Civ. P. 8(a). (*See generally* Sarah

---

the EEOC on May 27, 2014. This Court issued an Order, compelling Plaintiff to produce copies of both Charges of Discrimination to establish that she had exhausted her administrative remedies. [*See* ECF No. 35]. She promptly complied. (*See* Resp. to Order, Dec. 12, 2016 [ECF No. 36].)

[2] While Plaintiff did file a copy of the Second Charge with the Court, it is an undated copy, so it remains unclear when the Second Charge was filed. Plaintiff did, however, attach her Notice of Right to Sue to her Complaint. (*See* Notices of Right to Sue, February 18, 2016 [ECF No. 2–1].) In their briefs, Defendants state that the Second Charge was filed on January 15, 2015. (*See, e.g.*, Newman Br. at 2.)

2

Motley Br. in Supp. of Mot. to Dismiss, Sept. 15, 2016 [ECF No. 15].) The Home Depot also filed a Motion to Dismiss under 12(b)(6), arguing that Plaintiff has (1) failed to exhaust her administrative remedies, and (2) failed to meet the pleading standards of Rule 8(a). (*See* The Home Depot Br. in Supp. of Mot. to Dismiss, Oct. 21, 2016 [ECF No. 21] (hereinafter "The Home Depot Br.").) Plaintiff filed three responses to each of Defendants' Motions [ECF Nos. 18, 19, 28]. Motley and The Home Depot each filed a Reply to Plaintiff's Responses. [ECF No. 22, 30].

## II. STANDARD OF REVIEW

As an initial matter, *pro se* complaints are held to "less stringent standards than the formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Motion to Dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. *Id.* The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the complaint must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours*

*& Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

#### A. The Court's Consideration of Plaintiff's EEOC Charges

In ruling on a 12(b)(6) motion, a court generally cannot consider evidence outside of the pleadings without converting the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). There is, however, an exception for materials which are explicitly referenced and relied upon by a plaintiff in her complaint. *See Gibbons v. Chas H. Sells, Inc.*, No. 5:09-cv-448-F, 2010 WL 4695516, at *4 (E.D.N.C. Oct. 22, 2010); *Beam v. Agape Mgmt. Servs., Inc.*, No. 3:08-3445-CMC-PJG, 2009 WL 2476629, at *6 (D.S.C. Aug 11, 2009) (holding that an EEOC Charge of Discrimination can be considered in ruling on a defendant's 12(b)(6) Motion to Dismiss). In her Complaint, Plaintiff explicitly refers to both charges that she filed with the EEOC, and attached the relevant right to sue notices. (*See* Notices of Right to Sue, February 18, 2016 [ECF No. 2–1].) In response to this Court's Order, Plaintiff filed the actual charges. (*See generally* Resp. to Order [ECF No. 36].) Therefore, it is appropriate to consider the contents of Plaintiff's charges before the EEOC given that they form the basis for her action.

#### B. Individual Liability of Motley and Newman

Motley and Newman argue that all claims against them should be dismissed because supervisors and managers cannot be sued in their individual capacities for alleged Title VII violations. The Fourth Circuit has held that Title VII does not provide for individual liability and noted that "every circuit that has confronted this issue since the enactment of [Title VII] has

4

rejected claims of individual liability." *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998). This Court has previously reached the same conclusion, holding that the remedial scheme of Title VII is "obviously tied to the employer rather than the individual supervisor." *Pritchard v. Earthgrains Baking Cos.*, No. 7:98-cv-00536, 1999 WL 397910, at *10 (W.D. Va. March 5, 1999).

This Court has also held that suits against individual supervisors as agents of the employer can be appropriate in some situations where the employer is a public entity. *See, e.g., McLean v. Broadfoot*, No. 4:10-cv-00019, 2011 WL 1833302, at *10 (W.D. Va. May 13, 2011) (allowing a Title VII suit against the chief of a police department). There is no need, however, to include individual supervisors when the employer is also listed as a party. *Malone v. Shenandoah Cty. Dept. of Soc. Servs.*, No. 5:04-cv-00114, 2005 WL 1902857, at *2 (W.D. Va. Aug. 9, 2005) (holding that claims against individual supervisors are "redundant and may be dismissed" when the employer is also named in the lawsuit). Suing Motley and Newman in addition to The Home Depot indicates that Plaintiff is attempting to sue them in their individual capacities, rather than as agents of their employer. Accordingly, all claims against Motley and Newman should be dismissed.

C. Sufficiency of Plaintiff's Retaliation Claim

In its brief, The Home Depot argues that Plaintiff has failed to state a claim of retaliation under Title VII.[3] Title VII bars employers from retaliating against employees for reporting Title VII violations. 42 U.S.C. § 2000e-3(a). A successful claim for retaliation must prove three things: (1) the plaintiff engaged in a protected activity; (2) an adverse employment action was

---

[3] At oral arguments, Defendants' counsel conceded that Plaintiff did, in fact, state a claim of retaliation.

taken against the plaintiff; and (3) there was a causal link between the protected activity and the adverse action. *Mackey v. Shalala*, 360 F.3d 464, 469 (4th Cir. 2004).

A plaintiff is not required to establish a prima facie case to satisfy Rule 8(a). *See Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) ("Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases.").[4] A plaintiff is not required to meet this evidentiary standard to survive a 12(b)(6) motion, but she needs to allege sufficient facts related to each element of her claims to "nudge[] [her] claims across the line from conceivable to plausible." *Tombly*, 550 U.S. 544, 570.

Defendants do not deny that Plaintiff was engaged in a protected activity when she filed both of her charges with the EEOC. *See* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has made a charge . . . or participated in any manner in an investigation, proceeding, or hearing under this subchapter.") Defendants also do not deny that the disciplinary write-ups and subsequent termination constituted adverse employment actions. Instead, Defendants argue that Plaintiff only provides "vague, conclusory allegations" in demonstrating a causal link between her protected activity and the adverse employment actions taken against her. (The Home Depot Br., at 6.) According to Plaintiff's Complaint, she "began to receive write-ups that were unfair and untrue." (Compl. ¶ 9C.) She was also "singled . . . out to clean floors and . . . maintain[] a work log that no one else in the department was required to use." (*Id.* at ¶ 9B.) According to Plaintiff, she received three write-ups after filing the First Charge:

---

[4] While *Swierkiewicz* applied the liberal pleading standard first articulated in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), and explicitly overruled by *Twombly*, 550 U.S. at 562–63, the Fourth Circuit has recognized that a plaintiff "need not plead the *evidentiary* standard for proving a Title VII claim." *McCleary-Evans v. Md. Dept. of Transp.*, 780 F.3d 582, 586 (4th Cir. 2015) (original emphasis); *see also Twombly*, 550 U.S. at 585–86 (affirming the reasoning in *Swierkiewicz* that a plaintiff in an employment discrimination case does not need to establish a prima facie case at the pleading stage).

6

> The first write-up, I was accused [sic] of calling an associate a racist. I stated that the associate used "racist language." The second write up, [sic] was for making an associate aware of a missed call. The third write-up, I was [sic] accused of using profanity towards my supervisor.

(*Id.* at ¶ 9F.) She alleges that these claims were untrue, and the Court must accept this characterization for purposes of a 12(b)(6) motion.

Defendants are muddling the difference between pleading and evidentiary requirements. Plaintiff is not required to establish a prima facie case in order to defeat a motion to dismiss. The allegations in her Complaint are more than just a rote regurgitation of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 679. Plaintiff's Complaint has met the pleading requirements of Rule 8(a) and *Twombly/Iqbal* (especially in light of the more liberal pleading standards afforded to plaintiffs appearing *pro se*).

### D.   Sufficiency of Plaintiff's Discrimination Claim

Plaintiff's retaliation claim arises out of the First Charge, wherein she alleged that she was, among other things, passed over for a promotion due to her race. A plaintiff alleging disparate treatment based on race must show:

> (i) that [she] belongs to a racial minority; (ii) that [she] applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite [her] qualifications, [she] was rejected; and (iv) that, after [her] rejection, the position remained open and the employer continued to seek applicants from persons of [the plaintiff's] qualifications.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). In her EEOC intake questionnaire, Plaintiff self-identifies as "Black or African-American," satisfying the first element of her cause of action. (Resp. to Order, at 3 [ECF 36].) On or around August 1, 2013, Plaintiff sought a transfer to the store's paint department. She was denied this transfer, and was told by Newman that "it wouldn't be a good fit." (*Id.* at 9.) Instead, Newman gave the position to

7

a less experienced, Caucasian employee. (*Id.*) These allegations, accepted as true here, satisfy the *Iqbal* plausibility standard. Plaintiff has plainly alleged that she was denied a position because of her race, and that the position remained open and was given to a less qualified, Caucasian employee.

Plaintiff also alleges that The Home Depot permitted a racially hostile work environment. In order to prevail, Plaintiff would have to prove that "the conduct she alleges was (1) unwelcome; (2) based on her race; (3) sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive work environment; and (4) imputable to her employer." *Pryor v. United Air Lines, Inc.*, 791 F.3d 488, 495–96 (4th Cir. 2015).

The first two elements are undisputed by either party. With regard to the third element, Plaintiff alleges that, around April 12, 2014, she was in the employee break room when she heard an employee, Chris Clement, make a reference to "jungle monkey language", which Plaintiff describes as "colloquial for the 'N' word." (Resp. to Order, at 7 [ECF No. 36].) Plaintiff also alleges that at some point during her employment, a customer complained to her that another Home Depot employee, Dwain Trimble, asked the customer, "did any of those niggers in there help you?" (*Id.* at 10.)

At oral arguments, Defendants pointed out that this Court has previously held that "offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Shuler v. Corning, Inc.*, No. 4:08cv00019, 2008 WL 3929139, at *2 (W.D. Va. Aug. 21, 2008) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). While true, the present case is distinguishable in two ways: (1) the statement at issue in *Shuler* was a far more innocuous, political statement made in the context of a presidential election, questioning whether then-Senator Obama was receiving

8

votes because of his race; and (2) Plaintiff has alleged at least two instances of racial slurs being used in the workplace whereas there was only a single instance of offensive language alleged in *Shuler*. I make no judgment regarding the merits of Plaintiff's claim at this stage, but these distinctions are enough for Plaintiff's claim to survive a 12(b)(6) motion.

The fourth element of Plaintiff's claim requires proof that the employer is liable for the hostile work environment. If, instead of a supervisor, the harassment originates from a plaintiff's co-worker, "the employer is liable only if it was negligent in controlling working conditions." *Vance v. Ball State Univ.*, 133 S.Ct. 2434, 2439 (2013). Trimble and Clement appear to have been Plaintiff's co-workers given that they are not "empowered by the employer to take tangible employment actions against [Plaintiff]." *Id.* Plaintiff squarely places the blame for Trimble and Clement's behavior on The Home Depot, stating, "I believe this Home Depot in Danville VA [sic] does nothing to deter racist behaviors." (Resp. to Order, at 10 [ECF No. 36].) Plaintiff alleges that she made multiple complaints to her supervisors regarding the comments made by Trimble and Clement, but that these complaints were not properly investigated. (*Id.* at 9–10.)

As stated above, I am reserving any judgment regarding the merits of P's claims. She has, however, pled sufficient facts for her race discrimination claims to satisfy Rule 8(a).

## IV. CONCLUSION

It is well-established that Title VII does not permit suits against supervisors in their individual capacity. Accordingly, Newman and Motley are improper defendants, and their motions to dismiss under Rule 12(b)(6) will both be **GRANTED**.

Plaintiff has filed two charges of discrimination with the EEOC, providing those charges to the Court, and attaching her Notice of Right to Sue to her Complaint. The Charges supplement her Complaint, and provide enough factual support to meet the plausibility standard of *Twombly*

9

and *Iqbal* as well as Rule 8(a). The Home Depot's Motion to Dismiss under Rule 12(b)(6) will therefore be **DENIED.**

Entered this 4th day of January, 2017.

s/Jackson L. Kiser  
SENIOR UNITED STATES DISTRICT JUDGE